**IN THE COURT OF APPEALS OF IOWA**

No. 17-0499
Filed July 6, 2017

**IN THE INTEREST OF K.C.,**
**Minor Child,**

**C.C., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Warren County, Mark F. Schlenker,

District Associate Judge.


        A father appeals the termination of his parental rights to his child.

**AFFIRMED.**


        Bryan Webber of Carr & Wright, P.L.C., Des Moines, for appellant father.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        Mary Kathryn Miller, Des Moines, guardian ad litem for minor child.


        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals the termination of his parental rights to a child born in 2013. He contends (1) the State failed to prove he abandoned or deserted the child, as found by the district court, and (2) termination was not in the child's best interests.

## I. *Abandonment or Desertion*

Iowa Code section 232.116(1)(b) (2016) authorizes termination when "there is clear and convincing evidence that the child has been abandoned or deserted."

> "Abandonment of a child" means the relinquishment or surrender, without reference to any particular person, of the parental rights, duties, or privileges inherent in the parent-child relationship. Proof of abandonment must include both the intention to abandon and the acts by which the intention is evidenced. The term does not require that the relinquishment or surrender be over any particular period of time.

Iowa Code § 232.2(1).

> "Desertion" means the relinquishment or surrender for a period in excess of six months of the parental rights, duties, or privileges inherent in the parent-child relationship. Proof of desertion need not include the intention to desert, but is evidenced by the lack of attempted contact with the child or by only incidental contact with the child.

*Id.* § 232.2(14).

Our de novo review of the record reveals the following facts. The father engaged with the child for the first six or seven months of her life. After that point, he no longer lived in the same home as mother and child. He may have had incidental contact with the child until the end of 2013, but he did not see or interact with her after that point.

The department of human services became involved in mid-2015 based on the mother's substance abuse. The child was removed from the mother's care and was placed with her maternal grandparents. The district court subsequently adjudicated her in need of assistance.

The mother underwent drug treatment and made so much progress that the child was returned to her custody approximately one year later. The father, who also used illegal substances, did not fare as well. In 2016, he was arrested and jailed for possession of a controlled substance, second offense. Following his release five months later, he was re-arrested on a new controlled substance charge and was jailed again. At the time of the termination hearing in January 2017, he remained in jail. He expected to plead guilty the following week and anticipated a prison term not exceeding ten years, with a one-third mandatory minimum sentence. He admitted he did not contact the department at any time during the case, failed to pay child support, and failed to buy the child clothes and other items. He also admitted to having no contact with the child for three years.

We conclude the State proved desertion by the father.

## II.    *Best Interests*

Termination must also be in the child's best interests. *In re P.L.*, 778 N.W.2d 33, 37-38 (Iowa 2010). The department social worker overseeing the case opined that the court could forgo termination and await a district court ruling granting the mother sole custody and physical care as well as visitation with the father. But, given the father's long absence from the child's life and an

anticipated absence while he served his prison term, this option was not appealing.

We also are unpersuaded by the father's argument that termination would sever the bond between the child and her older half-sibling. As the district court stated, "the bond . . . appear[ed] minimal at best." In addition, the mother testified she would facilitate interactions between the child and her half-sibling. We conclude termination of the father's parental rights was in the child's best interests.

We affirm the termination of the father's parental rights to his child.

**AFFIRMED.**